Daniel J. Mulligan [SBN No. 103129]
JENKINS MULLIGAN & GABRIEL LLP
74-770 U.S. Highway 111, Suite 201
Indian Wells CA 92210
Tel: (415) 982-8500
Fax: (415) 982-8515

Counsel for the Chapter 7 Trustee
E. LYNN SCHOENMANN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>LUIS N. ZAVALA and<br>ROSAISELA GOMEZ-ZAVALA,<br><br>Debtors. | Chapter 7 Bankruptcy<br><br>Case No.: 09-33147-TC<br><br>Adversary Proceeding No. _____ |
| E. LYNN SCHOENMANN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY,<br>duly authorized servicing agent for<br>UNIFIED CAPITAL GROUP,<br>its successors and/or its assigns,<br><br>Defendant. | **COMPLAINT FOR DETERMINATION OF EXTENT AND VALIDITY OF LIEN**<br><br>[JURY TRIAL DEMANDED] |

## I. INTRODUCTION

1. This is an adversary proceeding brought by the trustee herein, E.Lynn Schoenmann (hereafter "the Trustee"), pursuant to 11 U.S.C. §502 to object to the secured claim of defendant America's Servicing Company, the duly authorized agent for Unified Capital Group (hereafter ("ASC") on the basis that the security interest held by ASC has been procured through forgery. By this action, the Trustee seeks a determination of the extent and validity of the Note and Deed of Trust claimed to be held by ASC and/or Unified Capital Group.

COMPLAINT FOR DETERMINATION OF EXTENT AND VALIDITY OF LIEN 1

## II. JURISDICTION AND VENUE

2. Jurisdiction of the Bankruptcy Court arises under 28 U.S.C. §§1334 and 157, as amended. This is a core proceeding.

## III. FACTUAL ALLEGATIONS

3. The Debtors herein, Luis Zavala and Rosaisela Gomez-Zavala ("hereafter "the Debtors"), were the owners and residents of 43 Blossom Court, Daly City, California 94014 (hereafter "the Subject Property").

4. In August 2006, the Debtors entered into an Adjustable Rate Note with BNC Mortgage, Inc, in the sum of $628,000. The Note provided for an initial interest rate of 5.875% and monthly loan payments of $3,714.86 for three years, after which point the interest rate would change starting the loan payment due on October 1, 2009. At some point in time unknown to the Debtors, servicing of their loan was sold, assigned or transferred to defendant America's Servicing Company.

5. In mid-September 2008, the Debtors received a letter from ASC dated September 9, 2008, informing them that their loan interest rate and payments would adjust starting November 1, 2008, requiring monthly loan payments of $4,515.73, after remaining fixed for only two years. Debtors then requested a copy of the Note that was serviced by ASC and on September 10, 2008, received a copy of an Adjustable Rate Note setting forth the 5.875% interest rate and original loan amount of $628,000, but showing the beneficiary of the Note as Unified Capital Group, Inc., rather than BNC Mortgage. The Note also stated that the loan payments of $3,714.86 and interest rate would adjust as of November 1, 2008, rather than October 1, 2009. Moreover, the signatures on the Unified Capital Group Note were not the signatures of the Debtors. The Debtors also received copies of the Deed of Trust. The signatures on that document also were not the signatures of the Debtors.

6. On July 7, 2009, a Notice of Default was recorded against the Subject Property, and a Notice of Trustee Sale was recorded on October 9, 2009.

## IV. CLAIM FOR RELIEF

**(Determination of Extent and Validity of Lien as to Defendant America's Servicing Company)**

7. The Debtors filed their petition commencing this case under Chapter 7 of the Bankruptcy Code on October 14, 2009, as case number 09-33147.

8. Among the assets of the estate is the Subject Property.

9. ASC asserts a lien against the Subject Property to secure the Debtors' obligation under an Adjustable Rate Note in the initial principal amounts of $628,000.

10. In order to determine the viability of the repayment plan and/or whether the Subject Property can be refinanced or should be abandoned under Section 554 of the Bankruptcy Code, the Trustee must determine the nature, extent and validity of the asserted lien.

11. The Trustee is informed and believes, and on that basis alleges, that the Note and Deed of Trust under which ASC and/or Unified Capital Group assert their claim are both forgeries. As forgeries, the documents are void. Thus, any claim by ASC and/or Unified Capital Group is, at best, an unsecured claim.

## V. **PRAYER FOR RELIEF**

The Trustee prays as follows:

1. A determination of the nature, extent and validity of any lien.
2. An order voiding any lien against the property and rescinding the loan;
3. Costs of the proceedings here;
4. Reasonable attorneys fees; and
5. Such other relief as the Court deems proper and just.

Date: March 1, 2010.

JENKINS MULLIGAN & GABRIEL LLP

By: /s/ Daniel J. Mulligan
Counsel for the Trustee

## **REQUEST FOR JURY TRIAL**

The Trustee requests trial by jury on all claims so triable.

Date: March 1, 2010.

                                    JENKINS MULLIGAN & GABRIEL LLP

                                    By: /s/ Daniel J. Mulligan
                                         Counsel for the Trustee

COMPLAINT FOR DETERMINATION OF EXTENT AND VALIDITY OF LIEN      4

Case: 10-03031    Doc# 1    Filed: 03/02/10    Entered: 03/02/10 12:44:43    Page 4 of 4